IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KEVIN A. SMITH and<br>WESLEY J. BROWN, | ) | |
| | ) | |
| Plaintiffs, | ) | 8:16CV96 |
| | ) | |
| V. | ) | |
| | ) | |
| PETE RICKETTS, Governor, and<br>SCOTT R. FRAKES, Director, | ) | MEMORANDUM<br>AND ORDER |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court for case management.

Prisoners are allowed to file joint civil rights complaints in this district if the criteria of permissible joinder under Federal Rule of Civil Procedure 20 are satisfied. However, pursuant to the Prison Litigation Reform Act, each prisoner in a joint action must pay the full civil filing fee. *See Cole v. Houston*, No. 4:06cv3314, 2007 WL 1309821 (D. Neb. March 30, 2007). In other words, each prisoner in a joint action must pay the full civil filing fee, just as if he had filed the suit individually.

Because not every prisoner is likely to be aware of the potential negative consequences of joining group litigation in federal courts, this court will alert Plaintiffs to the individual payment requirement, as well as other risks they face in joint pro se litigation.[1] Therefore, the court offers Plaintiff Wesley J. Brown[2] an

---

[1] This notice is modeled based on the court's order in *Kirkendall v. Justus*, Case No. 14-cv-772-JPG, 2014 WL 3733971 (S.D.Ill. July 29, 2014) (providing notice to prisoners of the potential negative consequences of joining group litigation).

[2] The court designates Plaintiff Kevin A. Smith, who delivered the complaint to the court and whose name is listed first on the pleadings, as the "lead plaintiff" for

opportunity to withdraw from this litigation before the case progresses further. Each of these co-plaintiffs may wish to take the following points into consideration when making his decision:

- He must pay the full $350 filing fee, either in installments or in full, regardless of whether this action is dismissed, severed, or allowed to proceed as a group complaint.
- He will be held legally responsible for knowing precisely what is being filed in the case on his behalf.
- He will be subject to sanctions under Federal Rule of Civil Procedure 11 if such sanctions are found warranted in any aspect of the case.
- He will incur a strike if the action is dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted.
- In screening the complaint, the Court will consider whether unrelated claims should be severed and, if it decides severance is appropriate, he will be required to prosecute his claims in a separate action and pay a separate filing fee for each new action.

Plaintiffs must note that any proposed amended complaint or other document filed on behalf of multiple Plaintiffs must be signed by each of the Plaintiffs. As long as Plaintiffs appear without counsel in this action, each Plaintiff must sign documents for himself. *See* Fed. R. Civ. P. 11. A non-attorney cannot file or sign papers for another litigant. Plaintiffs are WARNED that future group motions or pleadings that do not comply with this requirement shall be stricken pursuant to Rule 11(a).

IT IS THEREFORE ORDERED that:

1. The non-lead Plaintiff, Wesley J. Brown, shall have 30 days from the date of entry of this order in which to advise the court whether he wishes to continue

_____

purposes of this order because the complaint and the motions filed to date indicate that he has taken the initiative to bring this action.

as a Plaintiff in this group action. If, by that deadline, non-lead Plaintiff Wesley J. Brown advises the Court that he does *not* wish to participate in the action, he will be dismissed from the lawsuit and will *not* be charged a filing fee for this action.[3] **This is the only way to avoid the obligation to pay a filing fee for this action.**

Alternatively, if any Plaintiff (including lead Plaintiff Kevin A. Smith) wants to pursue his claims individually in a separate lawsuit, he shall so advise the Court in writing, and his claims shall be severed into a new action where a filing fee will be assessed.

2.     Non-lead Plaintiff, Wesley J. Brown, who chooses to continue as a Plaintiff, either in this action or in a severed individual case, is hereby ORDERED to pay a fee of $400.00[4] or file a properly completed motion for leave to proceed in forma pauperis (IFP) within 30 days from the date of this Memorandum and Order. The clerk's office is directed to send the Form AO240 to Wesley J. Brown.

Failure to submit a properly completed IFP motion does not relieve a non-lead Plaintiff of the obligation to pay a filing fee, unless he also submits timely written notice that he does not intend to proceed with the action. **Any non-lead Plaintiff who simply does not respond to this Memorandum and Order within 30 days will be obligated to pay the full filing fee and will also be dismissed from this action for want of prosecution and/or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b).**

---

[3]As the lead Plaintiff, Kevin A. Smith may choose to voluntarily dismiss or sever his claims, but may not escape his obligation to pay the filing fee for this action, which was incurred when the action was filed. *See* 28 U.S.C. § 1915(b)(1); *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997).

[4]A Plaintiff whose application for pauper status is approved will be charged a filing fee of only $350.00, as he is not subject to the $50.00 administrative fee assessed to non-IFP plaintiffs.

3.     Plaintiffs are again WARNED that future group motions or pleadings that do not comply with the group pleading requirements discussed herein shall be stricken pursuant to Rule 11(a).

4.     Plaintiffs are further ADVISED that each of them is under a continuing obligation to keep the court informed of any change in his address.

DATED this 25th day of April, 2016.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge