IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KEVIN A. SMITH, | ) | 8:16CV96 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| PETE RICKETTS, Governor, and | ) | |
| SCOTT R. FRAKES, Director, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on Plaintiff's recent correspondence (Filing No. 15), which the court liberally construes as a motion to voluntarily dismiss pursuant to Federal Rule of Civil Procedure 41. Plaintiff states he "would like to drop the lawsuit due to the fact [he] do[es] not have the funding and would not be able to afford the filing fees for this."

Although Plaintiff can voluntarily dismiss the lawsuit at this time, doing so will not relieve him of the obligation to pay the entire filing fee. The Prison Litigation Reform Act makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal. *In re Tyler*, 110 F.3d at 529-30 (8th Cir.1997); *Jackson v. N.P. Dodge Realty Co.*, 173 F.Supp.2d 951 (D.Neb. 2001).[1]

---

[1] In a Memorandum and Order entered on April 25, 2016, the court allowed a second plaintiff, Wesley J. Brown, an opportunity to withdraw from the action without being charged a filing fee. The difference in treatment is due to the fact that the complaint was mailed to the court for filing by Mr. Smith and originally was signed only by him. Mr. Smith was advised in the April 25th Memorandum and Order that "[a]s the lead Plaintiff, [he] may choose to voluntarily dismiss or sever his claims, but may not escape his obligation to pay the filing fee for this action which was incurred when the action was filed" (Filing No. 9 at CM/ECF p. 3, n. 3).

On May 17, 2016, the court entered an order which granted Plaintiff's motion for leave to proceed in forma pauperis and directed Plaintiff to pay an initial partial filing fee of $0.11 within thirty days. The court on its own motion will extend this payment deadline by an additional thirty days from the date of this order. Unless Plaintiff pays the initial partial filing fee by such date, or makes a showing of good cause as to why he cannot pay the initial filing fee by such date, this action will be subject to dismissal without further notice.

Accordingly,

IT IS ORDERED:

1. Plaintiff's motion to dismiss (Filing No. 15) is denied without prejudice.

2. Plaintiff will have 30 days to pay an initial partial filing fee of $0.11 or else show cause why this case should not be dismissed for failure to pay the initial partial filing fee. In the absence of payment of cause shown, this case will be dismissed without prejudice and without further notice.

3. The clerk's office is directed to reset the pro se case management deadline in this case using the following text: July 22, 2016: initial partial filing fee payment due.

DATED this 22nd day of June, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge